May it please the court. My name is Victor Cobb and I'm here on behalf of appellants who are property owners and lessees located within seven miles of defendants chemical plant. They have filed lawsuits seeking damages for violation of their property rights due to a chemical explosion at defendants plants. Prior to the filing of the lawsuits that we're here for today the appellants were members of a previous class action in which a B-2 injunctive relief class was certified along with a B-3 money damages class. Under our rule of orderliness must we follow Vought and Newby to determine that we read Texas law as barring cross-jurisdictional tolling. I believe that prior precedence over a many-year period. This court should follow Vought and Newby and I believe that the prior precedent shows two things. It shows that one the doors left open in a factual situation like this where the appellants bring claims based on property damages as opposed to personal injuries and also the previous decisions both rely on the Texas Court of Appeals opinion from Bell and in Bell they looked at a situation where you had personal injury claims and they compared the factual situation to a previous case out of the Texas Court of Appeals in Grant and they distinguished the Bell case for two reasons and this is one of the reasons that the previous cases of this circuit have picked up on. The first reason is because Grant differed because the class action was filed in state court as opposed to federal court. But if you review the decision in Bell the inquiry did not end there. The court distinguished the factual situation for a second reason and they in fact said that it was an important distinction and that is that the plaintiffs in Grant were a discernible group of people bringing property claims. The previous cases to this court both Vought and Newby were not claims brought by property owners by a discernible group. So it's this case is distinguishable from both Vought and Newby in that the type of claims being brought are by a discernible group that puts the defendant on notice of two things and this is what's required by American Pipe. The type of claims being brought and the potential number of claims. Both in Vought and in Newby that type of notice was not present. In Vought you had a nationwide class action over an over-the-counter supplement and in Newby you're talking about securities fraud claims related to the downfall of Enron. It was litigation chaos. Where does it say in either of those cases that this is narrowly construed or that this is a that we would carve out other types of claims or where does it say any of that? I'll begin with Vought and in Vought it addresses the distinction between state and federal class actions and the tolling effect or it talks about the state class action having tolling effect and then it addresses federal class actions and it said it remains unclear under Texas law. So under Vought it's still unclear. Therefore tolling in a situation like this would still be open and in Newby it it says that Texas courts likely would not extend tolling in this situation and that's the language from each. In Vought it says it's unclear and in Newby it limits the holding to this situation. You haven't asked for us to certify this to the Texas Supreme Court, have you? We have not. Why is that? If your argument is that it's unclear after those cases whether in this circumstance it would apply, why did you not seek certification? Well this was discussed in the Vought case and the court said that a request like that is not always granted. Even in a case like this where the Texas Supreme Court has not addressed the issue. Wouldn't your best shot be to get the Supreme Court to say we would make a distinction for property law property damages rather than for personal injury? Wouldn't that be your best shot to get the Texas Supreme Court to say that and that's tolled? Yeah In Vought, which was hesitant to grant that sort of certification, we brought the issue to this court which has experience with this issue and has looked at the appellate decisions out of Texas and is aware of the issues and you know has analyzed this before in a different context though. What was the extent of the injunctive relief that you were seeking? I don't understand, what was enjoined? So there was two parts to the injunctive relief that were settled as a part of the injunctive relief class. There was a property testing and remediation portion of it which was testing within the class area and remediation where appropriate and there was a medical surveillance program for those in the community that live within the seven mile radius. So both of those were part of the B-2 injunctive class that was settled. Would it include some personal injury relief? It's not a personal injury relief, it's more a front-end medical surveillance to catch potential illnesses early such that they can be treated earlier, which has been proven that there are better outcomes for people when they receive treatment as early as possible. That's not personal injury? That's not personal injury. And you know the appellants here were entitled to that relief. However, because the damages portion of the class was not certified, there are other damages that based on the reasoning of district court, they're not entitled to. And I think a perfect example would be the Cruz plaintiffs in this situation. They live very close to the plant, they raised cattle on their property and their cattle was exposed to to the chemicals released and all of the cattle died. They have not received compensation for that because that was not included in the B-2 injunctive relief and based on the decision by the district court here, they would not be entitled to get those damages based on this this tolling interpretation that does not, that looks simply at the federal versus state nature of the class action and did not do what Bill, you know, directs which is to also look at the nature of the claims being brought and are they brought by property owners of a discernible group such that the defendant is on notice of the potential number and the type of claims. There's no doubt here that the defendants are on notice of the potential number and type of claims. It's the same plaintiffs from the the B-3 class that was decertified previously. Do you have, I know you have, that there's a scholar who has said that they should allow this. I think his name is Bill, too, I think. You're right. But, is, do you have any authority post vaught and newbie that would would support your interpretation because it seems that the courts in Texas, the federal courts, have been extremely consistent in saying that this is not a viable, that it's not tolled. They have been consistent and they have been consistent because they're following the precedent of this court. Right, and we have to follow the precedent of this court. So, they, all of these really smart judges in Texas have all looked at those cases and said this is the rule, even in these types of situations. I'm not . . . They've made the blanket statement, not the except in this narrow area. And so, I'm wondering, do you have any authority of any court or scholar other than that one article, which we appreciate, because we have to look for, you know, we're trying to make an, to the extent our precedent isn't controlled, we're still trying to make an eerie guess. I think that the precedent is based on a different factual scenario. This court has never looked at a situation like this. If we've never looked at it, then what's your best argument for why we should do it? Because, if you look to the Texas Court of Appeals, the Bell opinion, which this court did in both Vaught and Newby, it does not end the inquiry after whether it determined whether the class action was filed in federal and state court. It goes on to note that it is also important to distinguish the type of claims. And the type of claims being property claims by a discernible group was something that the Bell court said was important. And, if that were the case in the Bell case, it's likely that the decision would have come down differently. But that was not the case in Bell, and that was not the case in Vaught, and that was not the case in Newby. How do you know that it was likely to come out different? What are you basing that on? That's, that's, if you had something, that would be helpful. I'm basing that on the language where it says that that distinction, where the plaintiff's claims are by a discernible group of property owners, that distinction is important, is what the Bell court said. That distinction... The court said that if other states' laws that are similar, because I was checking, and it seems that other states have this same tolling rule that closes the door. It doesn't mean that Texas necessarily would, but barring authority, I'm just grasping in the dark here. And so they seem to also have a pretty strict rule, the other states, many of them. So what, what authority, who has ever said what you want us to say here? The Bell court has said what, what, what you... But you said it's open. It hasn't actually said it. Who has said it? The Bell court has said that that distinction is important. Important. Has anybody ever relied on that distinction to toll in all of the entire country? There are cases, and it's not clear in the Newby case, but there's N. Ray Norplant and the Prieto case, both which go to... They take a look at the notice issue. They don't end the inquiry just after determining whether the federal class was filed in federal state court. They look at the doctrine behind American Pipe, whether the defendants were put on sufficient notice... Isn't Norplant, Judge Schell, in that, precedes the other opinions? It does. And it's... It's thought to be no longer controlling in light of the other two opinions. It's unclear whether that those cases are outright abrogated. But it's... But, but yes, it arguably they could be. You know, Judge Schell does do what you want, but it's abrogated. And it's not by, you know, it's, it could be persuade, somewhat persuasive authority if it were still, but it's not. It's, we've spoken since then. Well, it's, you know, this court has not looked at the distinction that Bell says is important because it's never been presented with that distinction. Which is, okay, should we sui sponte certify this question to the Supreme Court of Texas, which we do with some frequency? I'm not saying, I'm not foreshadowing that we're amenable to that here, but what it would be, would that be a good idea or not? I don't think that that is a bad idea. This has been a question under Texas law. Not a bad idea is not... It's an extraordinary ask of our sister jurisdiction to take time to deal with our cases. So not a bad idea is not a ringing endorsement for that. So what is your position? I believe that it would be a good thing for the Texas Supreme Court to weigh in on this issue after many decades of uncertainty. Yes. Do you have anything further? I do not. Thank you. Thank you. Do you mind starting with that? Sure, I'm happy to start. Good morning, Your Honor. May it please the Court. Andrew Pincus for Appellee Arkema. To start with certification, we don't believe that certification is appropriate here. The court said in the Hughes v. Tobacco Institute case that once a panel of the court has settled on state law to be applied, the precedent should be followed absequent to subsequent state court decision that casts doubt. And it also said there that certification is not an avenue to change the binding precedent. And we think Newby is quite clear in closing the door that my friend believes is left open, that Newby makes clear that there's an across-the-board rule here that cross-jurisdictional tolling is not available as a matter of Texas law. So just to go to Newby for a minute, and I'm happy to talk more about certification if Your Honor would like to do that, but I think the sentence that my friend relied on in Newby was a sentence that said, the district court correctly concluded based on our understanding of Texas law that Texas courts likely will not extend American pipe tolling to this situation. So I think the question is what is the this situation that the court was referring to there? And everything in that paragraph refers just to cross-jurisdictional tolling. It doesn't talk about property versus personal injury or anything else. It talks about cross-jurisdictional tolling, and that discussion is on page 472 of the court's opinion. So we think Newby makes clear that the door is closed. As Your Honor pointed out, district courts have unanimously concluded that across a whole range of cases. And I don't think, I think Newby itself casts substantial doubt, really precludes the property personal injury distinction. After all, Newby was a case about monetary damages, monetary loss relating to securities. So the distinction that I guess appellants are trying to draw is between real property versus everything else. And I think there are, no court has drawn that distinction, and I think there are pretty strong reasons not to do this. After all, we're talking about statute of limitations and tolling, an area where the law should be clear, so that people know the rules, plaintiffs know the rules about whether they have to file. Defendants know the rules about whether a claim is stale or not, so they know whether it has to be settled or whether they have liability remaining out there. And so a rule that turns on, are the people identifiable? Is it a peculiar kind of injury? Those create uncertainty. And here, Newby was on the books when this case was litigated. The plaintiffs should have known, Newby makes it quite clear, that to preserve these claims, they had to file their claims in state court. They could have done that. And as Your Honor pointed out, there are a number of state courts across the country that adhere to the rule that cross-jurisdictional tolling is not permissible. There's a discussion in the Illinois Supreme Court's decision in a case called Portwood that lays out three pretty important reasons. It says we don't want our courts to be subject to tolling based on what federal courts may or may not do. We don't have control over that. Second of all, we worry about our jurisdiction being a magnet for claims across the country if there's tolling. And third, this isn't really that much of a burden. People can file a case, it can be put on hold, the complaint here could have been filed. So the claim normally is done. We don't get as many MDL or class action appeals in this circuit as some other circuits get. But is the normal protocol is you'd file your placeholder suit and the trial court and the state court would put it in abeyance pending the federal, you know, MDL or class action or whatever it is. I think that's one of the things that the courts can and do do. I think often these claims sort of fall by the wayside as the case is settled. You know, this case involved a 24 million dollar payment as part of the injunctive relief in addition to payment of counsel fees. So there was some substantial remedy for the people who are bringing this lawsuit. But that's what happens. And in fact, the Supreme Court sort of pointed out that this is common. As your honor may know, the Supreme Court in the ANZ securities case refused to extend tolling to statutes of repose even in the federal context. And it said these cases could be filed in federal court. This is in the securities context, whereas your honor knows there's a statute of limitations and then a flat cutoff. And the Supreme Court said these cases can be filed. District courts can deal with them. They can put them on hold. So we don't think that there's a huge burden here that is problematic. Do you have anything further? Just a couple of additional points. Just to nail down the point I was making about uncertainty. We haven't found a case anywhere in the country that makes the availability of cross-jurisdictional tolling turn on the criteria that are being urged here. Again, for the reason that I pointed out, the uncertainty would sort of defeat the point of having any tolling. Because no one would know in advance, is this the kind of claim, relief claim, that falls within the exception that allows cross-jurisdictional tolling? Is this the kind of claim where the people are sufficiently discernible so it would be right. So the straight line rules are good. There's no unfairness here. People knew the rules and they could have moved ahead and filed. And that's the reason why we don't think that certification is necessary here. And it really seems to us that seeking it would be an unrunaround newbie, which really does state this class, this flat rule. And I'd just say one more thing about the vote case, which talks in more detail. This court's decision to vote, which talks in more detail about Bell. I think it's important to note that the decision there really, at page 1144, says the Bell Court first concluded that the American pipeline of cases did not directly control and construed Grant, which is the Texas case that allows intra-jurisdictional tolling to apply only to state class actions and state claims. And then it went on to say, in addition, the Bell Court concluded that American pipe tolling was meant to apply in the circumstances that my friend points out. So we think even in vote, we think newbie is crystal clear, but even vote is quite clear in saying there are really two reasons that the Bell Court gave. Unless the court has any further questions. Thank you. Thank you. Mr. Cobb, you have saved time for rebuttal. Yes. So I want to address one point that Appellee's counsel has made, and that is that states do not want their courts to become a magnet for claims from all over the country following class actions. However, that's not a concern here, where your plaintiffs are limited to a defined geographical area in Texas. So it goes back to what Bell found to be distinguishable and important. Property claims in Texas property could be in Texas, is your position. Correct. Don't kill our cows. But also there's one thing that I want to address, and that's the timing, and specifically in this case. In this case, the district court in the previous class action certified a B-2 and B-3 class. That opinion was then appealed to this court. Based on the reasoning of the district court and of Appellee's, the statute of limitations would have run between the time of that class certification and the review by this court. So based on that reasoning, we would have been required to run to state court, file a duplicative lawsuit simply for the reason of preserving the statute of limitations. The policy considerations behind that inefficiency, waste of judicial resources, when you have members of an already certified class, is likely something that the Texas courts would not welcome into their forum. You know, I think you all have a right to focus on the previous decisions of this court. But I think a review of both of those decisions does show that this door does remain slightly open in very limited circumstances. And those circumstances are circumstances as we have here. Property owners, discernible group, no doubt about notice of the claims to the defendant. And the courts also say that Bell is what guides the analysis. Bell doesn't just look at the forum. It also looks at the nature of the claims. A straightforward application of Bell's reasoning and its underlying principles demonstrates that Texas courts likely would protect property interests in a situation like this. And it's for all of these reasons that we believe that the district court opinion is incorrect. And this court should reverse that to protect the property interests of appellants who are being denied their day in court based on what we believe is a distinguishable precedent from this court. Thank you. Thank you. We have your argument. We appreciate both arguments and the cases submitted. This concludes this sitting of this panel for this week. The court will stand adjourned pursuant to the usual order. Thank you.